UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IDEAL SALES, INC., <br> Plaintiff. | § § § | Case No. 3:09-CV-2358 |
| v. | § § | |
| JOHNNY RODRIGUEZ and <br> JIMMY HUTTON d/b/a CAL-TEX <br> PRODUCE, LP, and d/b/a <br> TYLER FARMERS MARKET, LLC <br> a/k/a TYLER PRODUCE, and JD <br> RODRIGUEZ PRODUCE INC., <br> Defendants. | § § § § § § § | |

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Before the Court is Plaintiff's Motion for Temporary Restraining Order Without Notice and Order to Show Cause (Docket No. 2). Plaintiff requests the Court to enter a temporary restraining order without notice pursuant to Rule 65 of the Federal Rules of Civil Procedure. After careful consideration of the record, the Court makes the following findings of fact and conclusions of law.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by declaration or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required. Fed. R. Civ. P. 65(b).

1

In this case, it appears from the declaration of Plaintiff's representative that Plaintiff is a produce creditor of Defendants under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the amount of $467,155.95 supplied to Defendants as required by the PACA. It is also clear that Defendants are in severe financial jeopardy and are dissipating PACA trust assets in that defendants: (1) have advised Plaintiff that they are experiencing cash flow problems and do not have sufficient funds on hand to pay Plaintiff; (2) have failed and refused to pay the entire sum owed to Plaintiff despite repeated demands; and (3) Plaintiff also offered evidence demonstrating that Defendants Johnny Rodriguez and Jimmy Hutton are individuals doing business as Cal-Tex Produce, LP ("Cal-Tex"), a produce wholesaler licensed under the PACA. Plaintiff's evidence shows that Cal-Tex's status as a limited partnership was cancelled in 2006. Plaintiff's evidence also shows Defendants Johnny Rodriguez and Jimmy Hutton are also doing business as Tyler Farmers Market, LLC a/k/a Tyler Produce ("Tyler Produce"), a produce wholesaler licensed under the PACA which occupies the same business premises with Cal-Tex. Tyler Produces status as a limited liability company was forfeited in 2007. The accounts receivable records of Cal-Tex supplied to plaintiff by Defendants shows a receivable owed by Tyler in the amount of $215,680.85. Plaintiff further shows that Johnny Rodriguez is an officer and/or direct of J.D. Rodriguez Produce, Inc., also a company which occupies the same business premises with Cal-Tex, and which owes $381,321.25 to Cal-Tex.

If notice is given to Defendants of the pendency of this motion, trust assets may be further dissipated before the motion is heard. Once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411; *see J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47 (Bankr. N.D. Fla. 1989). Entry of this Order without notice assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust. *See* 7 U.S.C. §499e(c)(5).

In accord with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required. Additionally, there is little harm to Defendants in granting an injunction, which only requires Defendants to do that which they are required to do under the statute, *i.e.*, maintain the trust required by statute and pay any amounts owed to Plaintiff. Lastly, the public interest is furthered by the granting of a temporary restraining order. The statute states that the trust law was established to benefit the public interest that had suffered due to nonpayment for produce. *See* 7 U.S.C. §499e(c).

The Court has determined that the bond requirements of FRCP 65(c) are not applicable to this case because it appears that Defendants already have at least $467,155.95 worth of trust assets from Plaintiff as security for the issuance of this Order.

Based on the foregoing, the Court finds that Plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

Therefore, it is ORDERED, that the above-named Defendants show cause at the United States District Court for the Northern District of Texas, Dallas Division, Earle Cabell Federal Bldg. and United States Courthouse, 1100 Commerce Street Dallas, TX 75242-1310, on January 12, 2009 at 1:30 PM, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendants, their customers, agents, officers, subsidiaries, assigns, and banking institutions, during the pendency of this action from alienating, dissipating, paying over or assigning any assets Johnny Rodriguez d/b/a Cal-Tex Produce, LP and d/b/a Tyler Farmers Market, LLC a/k/a Tyler Produce; Jimmy Hutton d/b/a Cal-Tex Produce, LP and d/b/a Tyler Farmers Market, LLC a/k/a Tyler Produce; and J.D. Rodriguez Produce, Inc., as trade names, corporations or partnerships, or their subsidiaries or related companies, except for payment to Plaintiff until further order of this Court or until Defendants pay plaintiffs the aggregate sum of $467,155.95 by cashier's check or certified check, at which time this Order is dissolved.

It is further ORDERED, ADJUDGED AND DECREED that Defendants, their agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of Johnny Rodriguez d/b/a Cal-Tex Produce, LP and d/b/a Tyler Farmers Market, LLC a/k/a Tyler Produce; Jimmy Hutton d/b/a Cal-Tex Produce, LP and d/b/a Tyler Farmers Market, LLC a/k/a Tyler Produce; and J.D. Rodriguez Produce, Inc. or their subsidiaries or related companies except for payment to Plaintiff until further order of this Court

or until Defendants pay plaintiff the sum of $467,155.95 by cashier's check or certified check at which time the Order is dissolved.

It is ORDERED that in the event Defendants fail to pay Plaintiff the sum of $467,155.95 by cashiers or certified check within five (5) days of service of this Order, then the Defendants shall file with this Court an accounting which identifies the assets and liabilities and each account receivable of Johnny Rodriguez d/b/a Cal-Tex Produce, LP and d/b/a Tyler Farmers Market, LLC a/k/a Tyler Produce; Jimmy Hutton d/b/a Cal-Tex Produce, LP and d/b/a Tyler Farmers Market, LLC a/k/a Tyler Produce a/k/a Tyler Produce; and J.D. Rodriguez Produce, Inc. signed under penalty of perjury.

The Court sets a preliminary injunction hearing for Plaintiff's Motion for Preliminary Injunction for January 12, 2009 at 1:30 PM. Plaintiff is ordered to serve forthwith this temporary restraining order upon Defendants or their agents or counsel. If Defendants wish to respond to Plaintiff's Motion for Preliminary Injunction, any response must be filed no later than January 11, 2009 at 5:00 p.m.

This Temporary Restraining Order is entered this 18th day of December, 2009, at 9:00 a/p.m.

Royal Furgeson
Senior United States District Judge